# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 20-61686 |
| | : | |
| KARLENE ANN PASCO | : | ADVERSARY NO. 21-06007 |
| | : | |
| ******************************* | : | CHAPTER 7 |
| | : | |
| VERNON V. CROOMS, et al. | : | JUDGE RUSS KENDIG |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| KARLENE ANN PASCO fka | : | |
| KARLENE BEITZEL | : | |
| | : | |
| Defendant | : | |

## PLAINTIFFS' AMENDED MOTION FOR SUMMARY JUDGMENT
## AND MEMORANDUM IN SUPPORT

Plaintiffs Vernon V. Crooms and Rosina Crooms ("Plaintiffs"), by and through undersigned counsel, respectfully moves this Honorable Court to grant summary judgment on all matters set forth in their Amended Adversary Complaint (the "Amended Complaint") against Defendant Karlene Ann Pasco fka Karlene Beitzel ("Defendant") in that there is no genuine issue as to any material fact and the Plaintiffs are entitled to judgment in their favor as a matter of law. A memorandum in support of this motion is attached hereto and incorporated herein by reference.

RESPECTFULLY SUBMITTED:
/s/ Wayne W. Sarna, Esq.
Wayne W. Sarna (#0019546)
401 Market Avenue N., Suite 103
Canton, OH 44702
Phone: (330) 983-2597
Fax:    (330) 456-3812
Email: wsarna@communitylegalaid.org

I.      STATEMENT OF THE CASE AND FACTUAL BASIS FOR MOTION

The Plaintiffs Vernon V. Crooms and Rosina Crooms brought the instant complaint to prevent the discharge of the debt owed to them by the Defendant pursuant to a judgment in the amount of Fifty-Two Thousand, Seven Hundred Forty-Four Dollars and Seventy-Eight Cents ($52,744.78) plus court costs in Stark County Court of Common Pleas Case No. 2017CV01071 not already included therein and statutory interest at the rate of Four Percent (4.0%) per annum from June 23, 2017 based on fraudulent activity by the Defendant as alleged in the Plaintiffs' complaint. See Amended Complaint.

The Plaintiffs are husband and wife who currently live at 1360 Woodland Ave NW, Canton, OH 44703. (Complaint, ¶1). Defendant is the titled owner of the subject property located at 1360 Woodland Ave NW, Canton, OH 44703 (the "Residence"). (Complaint, ¶2). On or about March 9, 2010, the Plaintiffs and Defendant entered into a written Land Instalment Contract (the "Agreement"). (Complaint, ¶2). A true and accurate copy of this Agreement is attached to Plaintiffs' Amended Complaint as Exhibit B. See Response to Request for Admissions by Defendant at ¶34. A copy of the Defendant's responses to Plaintiffs' Request for Admissions ("Defendant's Admissions") is attached hereto as **Exhibit A.**

As part of the Agreement and Ohio law, the Defendant was obligated to, *inter alia*:

- "[W]arrant said premises free from all encumbrances, except taxes and assessments not now payable, and use restrictions and utility easements of record";
- "Vendor may hold or place a mortgage on said premises in an amount not greater than the balance due on this contract";
- "Convey marketable title by general recordable warranty deed [. . .] free from encumbrances except those arising through, or those the responsibility, of Vendees [. . .]";
- Provide a statement of encumbrances against the property conveyed;

- Not hold a mortgage on the residence greater than the balance due under the contract absent written disclosure to the Plaintiffs; and
- Not place a mortgage on the property in an amount greater than the balance due on the contract without the consent of the Plaintiffs.

(Complaint, ¶5). See, also, R.C. 5313.02.

Defendant, contrary to her obligations under the Agreement and Ohio law, failed to disclose to the Plaintiffs any encumbrances on the subject residence prior to executing the Agreement. (Defendant's Admissions, ¶39).

Defendant, contrary to her obligations under the Agreement and Ohio law, entered into the Agreement despite the subject residence already being encumbered in an amount in excess of the Agreement. (Defendant's Admissions, ¶1). For each subsequent loan modification the Defendant entered into, she failed to disclose and obtain approval from the Plaintiffs prior to doing so. (Defendant's Admissions, ¶45, 46, 47, 48).

Defendant, contrary to her obligations under the Agreement and Ohio law, was unable to transfer a General Warranty Deed for the subject residence at the time she executed the Agreement, and for the foreseeable future. (Defendant's Admissions, ¶42, 43, 44).

Defendant has experience in transactions that involve real estate (Defendant's Admissions, ¶50), has prepared deeds herself (Defendant's Admissions, ¶51, 52), has prepared other land installment contracts (Defendant's Admissions, ¶53), and is familiar with legal descriptions and their purposes. (Defendant's Admissions, ¶54, 55).

At no point until after the Agreement was paid in full did the Defendant try to remove the subject property from the mortgage encumbering it. (Defendant's Admissions, ¶6, 17, 28).

II.      ANALYSIS

   A.  Standard for Summary Judgment.

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is proper if there is no genuine

issue as to any material fact and the moving party is entitled to judgment as a matter of law.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an

otherwise properly support motion or summary judgment; the requirement is that there be no

genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.

Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

Fed. R. Civ. P. 56(c) sets forth what a nonmoving party must establish to defeat a

properly support motion for summary judgment and, pursuant to Fed. R. Civ. P. 56(e):

> If a party fails to properly support an assertion of fact or fails to properly address
> another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—
>      including the facts considered undisputed—show that the movant is
>      entitled to it; or
> (4) issue any other appropriate order.

Here, the Defendant Karlene Ann Pasco fka Karlene Beitzel has admitted the material facts to

be true as set forth in the Defendant's responses to the Plaintiffs' Request for Admissions. See

**Exhibit A.**

   B.  Standard for Debt to be Nondischargeable Due to Fraud.

The basic policy of the Bankruptcy Code is to afford relief to honest but unfortunate debtors.

*Cohen v. De La Cruz,* 523 U.S. 213, 217, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). To that end,

the Code excepts from discharge debts incurred through fraud. *See Id.*

11 U.S.C. §523(a)(2)(A) provides that a debt is not discharged if it resulted from false pretenses, false representation, or actual fraud. In order to set forth a cause of action under §523(a)(2)(A), a creditor must establish the following elements:

    (1) the debtor made false representations;
    (2) the debtor knew such representations to be false at the time they were made;
    (3) the representations were made with the intent to deceive the creditor;
    (4) the creditor relied on the representations; and
    (5) the creditor's loss was the proximate result of the misrepresentation having been made.

*Ewing v. Bissonnette* (*In re Bissonnette*), 398 B.R. 189, 193 (Bankr.N.D.Ohio 2008) citing *Rembert v. AT&T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277, 280-81 (6th Cir. 1998). A plaintiff bears the burden to establish, by at least a preponderance of the evidence, the applicability of §523(a)(2)(A). *Bissonnette, supra,* 398 B.R. 189, 193 citing *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). "If there is room for an inference of honest intent, the question of nondischargeability must be resolved in favor of the debtor." *In re Szczepanski,* 139 B.R. 842, 844 (Bankr.N.D.Ohio 1991) citing *In re Contsantino,* 72 B.R. 231 (Bankr.N.D. Ohio 1987). However, "based upon the surrounding circumstances and the Debtor's conduct, [a Court can find] that there is a preponderance of evidence, and the Court can infer based upon that evidence, that the debtor had the intent to deceive the Plaintiff when he made the representation that the debt would be repaid." *In re Szczepanski,* 139 B.R. 842, 845 (Bankr.N.D.Ohio 1991).

In *Bissonnette,* a landlord entered into a lease with option to purchase agreement with his tenants. *Id.* at 191-192. The tenants, having paid the Nineteen Thousand Dollars to exercise the option to purchase in February 2005, received a promissory note indicating that the tenants had paid in full, the deed would be delivered in December 2005, and that there we 'no liens'.

*Id.* at 192. In *Bissonnette,* this Court held that the first, fourth, and fifth elements were not in dispute, and that the "facts clearly show that Mr. Bissonnette failed to abide by his promises to transfer a deed to the Knower St. property or, in the alternative, to repay the $19,000.00 as provided for in the Lease and Promissory Note and, that in reliance thereon, the Plaintiffs suffered a loss." *Id.* at 193.

In *Szczepanski,* a debtor entered into an unsecured loan with ITT Financial Services in the amount of One Thousand Six Hundred Thirty-Five Dollars and Twenty-Eight Cents that the debtor obtained "with no intentions of repaying it or with the knowledge of an inability to comply with the terms of the loan" and that the debtor's promise to repay this loan was a false representation based because he knew or should have known that he would not make payments when he borrowed the money. *In re Szczepanski,* 139 B.R. 842, 844 (Bankr.N.D. Ohio 1991). This Court ultimately found the debt incurred by Szczepanski to be nondischargeable.

   i.       The Defendant made false representations.

Here, there is no dispute that the Defendant made false representations to the Plaintiff. Defendant was contractually obligated to transfer the subject property to the Plaintiffs "free from encumbrances except those arising through, or those the responsibility of, Vendees, except use restrictions and utility easements of record, and subject to all legal highways" regardless of the type of deed available to her at the time of transfer (Agreement, ¶1). Defendant, at execution of the Land Installment Contract with the Plaintiffs, knew or should have known that she was unable to transfer a General Warranty Deed to the Plaintiffs and is unable to do so for the foreseeable future. (Defendant's Admissions, ¶42, 43, 44). Defendant was also obligated to provide a statement as to any encumbrances against the subject property. R.C. 5313.02. Yet, Defendant failed to do so. (Defendant's Admissions, ¶39). As in *Szczepanski,* the Defendant

entered into a contractual agreement with no ability to honor or comply with the terms thereof. "[T]he Debtor had the intent to deceive the Plaintiff when he made the representation that the debt would be repaid." *In re Szczepanski,* 139 B.R. 842, 845 (Bankr.N.D. Ohio 1991).  In fact, because of the existing encumbrances that far exceed the value of the Land Installment Contract, it is unlikely the Defendant will be able to transfer any deed—general warranty or otherwise—to the Plaintiffs for the foreseeable future. (Defendant's Admissions, ¶42, 43, 44).

      ii.      <u>The Defendant knew her representations were false at the time she made them.</u>

There is also no dispute that the Defendant knew her representations to be false at the time she drafted the Agreement (Defendant's Admissions, ¶49). Defendant has experience in transactions that involve real estate (Defendant's Admissions, ¶50), has prepared deeds herself (Defendant's Admissions, ¶51, 52), has prepared other land installment contracts (Defendant's Admissions, ¶53), and is familiar with legal descriptions and their purposes. (Defendant's Admissions, ¶54, 55). Defendant also reviewed the Open-End Mortgage (Defendant's Admissions, ¶7, 8, 9), the First Loan Mod (Defendant's Admissions, ¶18, 19, 20), and the Second Loan Mod (Defendant's Admissions, ¶29, 30, 31) prior to signing these documents, intentionally failed to disclose the existing mortgage against the subject residence. (Defendant's Admissions, ¶39).[1] Defendant knew that the mortgage documents encumbered both her personal residence and the subject property at the time she executed—and while drafting—the Land Installment Contract.

---

[1] Defendant has admitted that true and accurate copies of the Land Installment Contract, the Open-End Mortgage dated February 23, 2007, the Loan Modification Agreement dated July 27, 2011 (the "First Loan Mod"), and the Loan Modification Agreement dated April 1, 2013 (the "Second Loan Mod") are attached to Plaintiffs' Amended Adversary Complaint. (Defendant's Admissions, ¶34, 35, 36, 37).

R.C. 5313.02(B) expressly prohibits the Defendant from holding a mortgage on the Residence in excess of the value of the Agreement absent written disclosure **or** placing a mortgage on the property in an amount greater than the balance due absent consent of the Plaintiffs. The Defendant breached both of these obligations by failing to disclose, in writing, the existence of the Mortgage to the Plaintiffs, and failing to obtain consent from the Plaintiffs to enter into the subsequent loan modifications. (Defendant's Admissions, ¶45, 46, 47, 48).

Further, R.C. 5313.02(A)(10) requires a "statement of any encumbrances against the property conveyed." Again, the Defendant having experience with real estate transactions (Defendant's Admissions, ¶50), had actual knowledge of existing encumbrances on the subject residence, yet failed to disclose those to the Plaintiffs.

    iii.        <u>Defendant's representations were made with the intent to deceive the Plaintiffs.</u>

"A finding of fraudulent intent under §523(a)(2)(A), instead, requires that a creditor show that the debt had no intent to honor the obligation at the time the debt was incurred." *Bissonnette, supra,* 398 B.R. 189, 194 citing *Clyde-Findlay Area Cr. Union v. Burwell* (*In re Burwell*), 276 B.R. 851, 854 (Bankr.N.D.Ohio 2002). "[T]he proper inquiry to determine a debtor's fraudulent intent is whether the debtor subjectively intended to repay the debt." *Bissonnette, supra,* 398 B.R. 189, 194 citing *In re Rembert,* 1141 F.3d at 281. "[A] court may also consider circumstantial evidence concerning the debtor's state of mind at the time of the alleged deception." *Bissonnette, supra,* 398 B.R. 189, 194 citing *Binger v. Bloomfied* (*In re Bloomfield*), 293 B.R. 148, 153 (Bankr.N.D.Ohio 2003). Ultimately, though, "a court must determine [. . .] whether the totality of the circumstances 'leads to the conclusion that it is more probable than not that the debtor had the requisite fraudulent intent.'" *Bissonnette, supra,* 398 B.R. 189, 194

citing *In re Rembert*, *spura,* 141 F.3d at 282 *citing Chase Manhattan Bank v. Murphy* (*In re Murphy*), 198 B.R. 327, 332 (Bankr.N.D.Ill.1995).

In the case at hand, when the Defendant drafted the Land Installment Contract, she knew she could not satisfy her obligation to transfer ownership of the property to the Plaintiffs free from encumbrances under the terms she drafted, she knew that she did not satisfy her obligation to provide a statement of any encumbrances against the subject residence pursuant to R.C. 5313.02, and she knew she could not comply with her obligation to not "hold a mortgage on property sold by land installment contract in an amount greater than the balance due under the contract" pursuant to R.C. 5313.02 or her obligation to not "place a mortgage on the property in an amount greater than the balance due without the consent" of the Plaintiffs each time she entered into a loan modification pursuant to R.C. 5313.02. As in *Bissonnette,* where this Court found that the landlord's "knowledge of his inability to perform" pursuant to the agreement between the parties was sufficient to establish a fraudulent intent, here, the Defendant had actual knowledge of her obligation to perform under the terms of the Land Installment Agreement she drafted and under applicable Ohio law and her inability to comply with those obligations.

iv.     The Plaintiffs relied upon the representations of the Defendant.

Prior to execution of the Land Installment Contract, the Plaintiffs, whose entire household income comes solely from disability benefits, relied upon the representations made by the Defendant. (Plaintiffs' Affidavits, ¶4). At no point were the Plaintiffs ever notified of their inability to obtain ownership of their home by the Defendant. (Plaintiffs' Affidavits, ¶13-15). Had the Plaintiffs known they would not receive title to their home once it was paid in full, they would not have entered into the Land Installment Contract and paid to the Defendant over Fifty Thousand Dollars. (Land Installment Contract, ¶3). (Plaintiffs' Affidavits, ¶18).

v.     The Plaintiffs' loss was the proximate result of the Defendant's misrepresentations.

But for the fraudulent misrepresentations by the Defendant as to her failure to disclose existing liens upon the subject property, her ultimate inability to transfer ownership to the Plaintiffs without any encumbrances, and her failure to obtain approval from the Plaintiffs to encumber the property in an amount far beyond the value of the land installment contract **three times**, the Defendants would not have incurred the loss of out-of-pocket payments toward a home they could never own. (Plaintiffs' Affidavits, ¶18).

Put simply, Plaintiffs have spent years, and tens of thousands of dollars, toward a home they can never own because of the Defendant's fraudulent inducement and fraudulent misrepresentation by failing to disclose the encumbrances on the home, failure to obtain approval prior to encumbering, and inability to transfer ownership free and clear from any encumbrances.  Defendant should not be permitted to discharge the debt owed to the Plaintiffs because of the false pretenses at the time of execution of the Land Installment Contract, and continuing false representations to the Plaintiffs during the term of the Land Installment Contract.

III.     CONCLUSION

Based on the foregoing, this Court should grant the Plaintiffs summary judgment under Fed. R. Civ. P. 56 as there is no genuine issue as to any material fact, and judgment in favor of the Plaintiffs is appropriate as a matter of law.

RESPECTFULLY SUBMITTED:

/s/ Wayne W. Sarna, Esq.
Wayne W. Sarna (#0019546)
401 Market Avenue N., Suite 103
Canton, OH 44702
Phone: (330) 983-2597
Fax:     (330) 456-3812
Email:  wsarna@communitylegalaid.org

## CERTIFICATE OF SERVICE

I certify that on September 10, 2021 that a true and correct copy of the Plaintiff's Amended Motion for Summary Judgment and attached Affidavits and Exhibit were served:

Via the Court's Electronic Case Filing System on these individuals who are listed on the Court's Electronic Mail Notice List:

Edwin H. Breyfogle, on behalf of Karlene Ann Pasco, Debtor at edwinbreyfogle@gmail.com

And by regular U.S. Mail , postage prepaid to

Edwin H. Breyfogle, Esq., 108 Third St NE, Massillon, OH 44646

Karlene Ann Pasco, 9974 Market Ave. N. Hartville, OH 44632

/s/ Wayne W. Sarna, Esq.
Wayne W. Sarna (#0019546)
Attorney for Plaintiff