The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



**Russ Kendig**
**United States Bankruptcy Judge**

Dated: 10:12 AM November 10, 2021

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| KARLENE ANN PASCO, | CASE NO. 20-61686 |
| Debtor | |
| VERNON V. CROOMS & ROSINA CROOMS, | JUDGE RUSS KENDIG |
| Plaintiffs | ADVERSARY NO. 21-06007 |
| vs | |
| KARLENE ANN PASCO, | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| Defendant | |

Now before the court is Plaintiffs' motion for summary judgment on their suit seeking to prevent the discharge of Debtor's debt owed to them.

The court has subject matter jurisdiction over this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

On March 9, 2010, Plaintiffs contracted with Debtor to purchase a piece of real property for $49,900.00 that they planned to use as their home. They had no prior experience buying or selling real estate and had no familiarity with land contracts. Debtor prepared the Land Installment Contract, which provided that there would be no encumbrances on the property and that title to the property could be transferred to the buyer. Plaintiffs relied on this assurance and went through with the deal. Debtor promised Plaintiffs that she would deliver title to the property to them as soon as they paid the full balance due under the contract, which Plaintiffs did. However, Debtor failed to deliver title to Plaintiffs because, unbeknownst to Plaintiffs, a mortgage encumbered the property, which prevented title from being transferred. Debtor had executed a mortgage on the property on February 23, 2007 that encumbered it and then executed a first loan modification on July 27, 2011 and a second loan modification on April 1, 2013. She failed to disclose these loans to Plaintiffs but claims she did not intend to prevent the transfer of property and was not aware that she would be prevented from transferring title. Plaintiffs, who claim that they never would have gone through with the transaction if they had known about the encumbrances, sued Debtor in state court alleging fraud and won a judgment on August 8, 2018 that ordered Debtor to pay Plaintiffs $52,744.78 in damages, which included the purchase price of the property as well as other expenses incurred by Plaintiffs as a result of the sale.

Debtor did not pay the judgment and filed a chapter 7 petition on November 13, 2020. Plaintiffs brought this adversary action to prevent Debtor from discharging the debt owed to them from the judgment. In this motion for summary judgment, Plaintiffs maintain that there is no genuine dispute of material fact about whether Debtor committed fraud that can be excluded from discharge under § 523(a)(2)(A) of the bankruptcy code. Specifically, they argue that Debtor admitted to the fraud, so no reasonable jury could find that the allegations of fraud were not true.

## DISCUSSION

Federal Rule of Civil Procedure 56 (applied to bankruptcy cases by Federal Rule of Bankruptcy Procedure 7056) provides that a court should grant summary judgment on a given issue or issues "if the movant shows that there is no issue of material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is ultimately on the movant to show the court that either there is no genuine issue of material fact or that the non-movant's case lacks evidence. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Federal Rule of Civil Procedure 56(c)(1)(A) identifies affidavits, declarations, and admissions as among the appropriate bases for a motion for summary judgment. Further, the court will draw all inferences in favor of the non-movant. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the non-movant cannot merely rely on its pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment will not be granted if there is a genuine issue of material fact. Anderson, 477 U.S. at 248. For there to be a "genuine issue of material fact," the evidence must be such that "a reasonable jury could return a verdict for the

nonmoving party" and the fact at issue must be one "that might affect the outcome of the suit." *Id.*

Under 11 U.S.C. § 523(a)(2)(A), a debt obtained by "false pretenses, a false statement, or actual fraud" is excepted from discharge. To prevent a discharge under this provision, a creditor must prove:

> that the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth. The creditor must also prove the debtor's intent to deceive. Moreover, the creditor must prove that it reasonably relied on the false representation and that its reliance was the proximate cause of loss.

In re Phillips, 804 F.2d 930, 932 (6th Cir. 1986), abrogated by Grogan v. Garner, 498 U.S. 279 (1991). This court in Ewing v. Bissonnette reformulated the standard into five elements for a plaintiff to prove:

> (1) the debtor made false representations;
> (2) the debtor knew such representations to be false at the time they were made;
> (3) the representations were made with the intent to deceive the creditor;
> (4) the creditor relied on the representations; and
> (5) the creditor's loss was the proximate result of the misrepresentation having been made.

Ewing v. Bissonnette (In re Bissonnette), 398 B.R. 189, 193 (Bankr. N.D. Ohio 2008).

The analysis begins by examining whether Debtor made any false representations to the Plaintiffs when executing the Land Installment Contract. A false representation is defined as "an expressed misrepresentation." Hile v. Lewis (In re Lewis), 164 B.R. 588, 591 (Bankr. N.D. Ohio 1994). However, silence may count as a false representation when a debtor had a duty to disclose some fact. *See* 7 William L. Norton, III, Norton Bankruptcy Law and Practice § 57:16 (3d ed. 2021). Here, Debtor admits that the while the Land Installment Contract claimed the property was free from encumbrances, in fact it was encumbered by a mortgage. (Def.'s Admis. ¶¶ 38-40, ECF No. 21.) Thus, there is no genuine issue of material fact on this element because Debtor had a duty to disclose any encumbrances and failed to do so.

Next is the second element, that Debtor knew her representations to Plaintiffs were false when she made them. Courts that have previously addressed this issue have not elaborated on what it means to "know" that a representation is false. According to the dictionary, to "know" means "to perceive directly; have cognition of." Know, Merriam-Webster.com Dictionary, (2021). Thus, a plaintiff must show that the debtor directly perceived or understood the falsity of a representation. In ITT Financial Services v. Sczczepanski, the court found that the debtor knew his representation to the plaintiff that he could pay off a loan was false because the debtor used the loan toward other debts but could not pay them off in full, so he must have known that he would not have been able to pay back plaintiff's loan if he could not pay the other, earlier debts. *See* ITT Fin. Servs. v. Sczczepanski (In re Szczepanski), 139 B.R. 842 (Bankr. N.D. Ohio 1991).

Similarly, in Sheen Falls Strategies, LLC, et al. v. Keane, the court found this element to be met because the debtor must have known he was lying when he told prospective investors that he had a unique and proprietary stock-option trading model because the model was really just an assortment of publicly available indicators and tools. *See* Sheen Falls Strategies, LLC, et al. v. Keane (In re Keane), 560 B.R. 475 (Bankr. N.D. Ohio 2016). However, the court in Ott v. Somogye found that the debtor had no knowledge of his false representation where he had promised the plaintiff that he knew how to oversee construction of a garage because the debtor had relevant experience, had never been sued by a customer, some of the issues with the construction were being remedied and were caused at least in part by the weather, and other issues were really differences of opinion rather than problems. *See* Ott v. Somogye (In re Somogye), No. 18-30927, 2020 WL 1519315 (Bankr. N.D. Ohio Mar. 30, 2020) at *10. In Cole v. Wood, the court held that homebuilder-debtors meeting with counsel to discuss disclosure obligations prior to telling prospective buyers that there were no issues with a house's foundation (which turned out not to be true) was not sufficient to show knowledge that the representation was false because there was no evidence that the debtors knew about foundation problems and they could have just been confirming that they did not have to disclose a remote possibility of problems. *See* Cole v. Wood (In re Wood), 458 B.R. 898 (E.D. Mich. 2011).

Plaintiffs have not established that Debtor knew her representations were false by the standards set for forth for summary judgment. According to Plaintiffs, Debtor had executed the mortgage, first loan modification, and second loan modification, so she must have known of their existence. (Pls.' Am. Mot. Summ. J. 7, ECF No. 21.) Thus, because she knew that the property covered by the Land Installment Contract was encumbered but did not tell Plaintiffs, she must have known that her representations that the property was unencumbered were false when she made them. (Am. Mot. 8, ECF No. 21.) Further, her prior experience with real estate transactions meant that she would have known that she would have had to disclose such encumbrances. (Am. Mot. 7-8, ECF No. 21.) In contrast, Debtor argues that she did not know that the property was encumbered, that she never admitted to any such knowledge, and that there is no evidence of such knowledge. (Resp. 1-2, ECF No. 25.) Debtor admits that she executed the mortgage, first loan modification, and second loan modification and that they encumbered the property sold in the Land Installment Contract. (Def.'s Admis. ¶¶ 1, 3, 12, 14, 23, 25, ECF No. 21.) However, she does not know whether the documents she executed for those loans referenced the property, whether the property was appraised, or whether the property was inspected. (Def.'s Admis. ¶¶ 5, 10, 11, 16, 21, 22, 27, 32, 33, ECF No. 21.) Further, while she admits that she failed to disclose those encumbrances on the property to Plaintiffs, she claims that she was "not aware that [she] would be prevented from transferring [the deed to the property]." (Def.'s Admis. ¶ 57, ECF No. 21.) There is a genuine dispute of fact about whether Debtor knew that she could not transfer the title. Thus, Plaintiffs have failed to meet their burden.

The third element to consider is whether Debtor made her representations to Plaintiffs with an intent to deceive them. It is important to distinguish a debtor's intent not to follow through on a promise from an inability to do so. A plaintiff must show that a debtor misrepresented his or her *intent* to pay, and not just that the debtor misrepresented his or her *ability* to pay. *See* BTS Truck Leasing, LLC v. Burant (In re Burant), No. 17-17264, 2019 WL 2214113, at *4 (Bankr. N.D. Ohio May 21, 2019). A broken promise by a debtor alone is not sufficient to warrant an exception from discharge. *See* Ewing v. Bissonnette (In re Bissonnette),

4

21-06007-rk    Doc 26    FILED 11/10/21    ENTERED 11/10/21 10:15:14    Page 4 of 7

398 B.R. 189, 194 (Bankr. N.D. Ohio 2008) (citing Mack v. Mills (In re Mills), 345 B.R. 598, 604 (Bankr. N.D. Ohio 2006)). Instead, the plaintiff must "show that the debtor had no intent to honor the obligation at the time the debt was incurred." *Id.* (citing Clyde-Findlay Area Credit Union v. Burwell (In re Burwell), 276 B.R. 851, 854 (Bankr. N.D. Ohio 2002)). This analysis is subjective, rather than objective, and focuses on evidence of the debtor's specific intentions. *See* Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert), 141 F.3d 277, 281-82 (6th Cir. 1998). In Bissonnette, evidence that the debtor continually came up with excuses for not repaying the plaintiffs and used money loaned by the plaintiffs for personal uses, rather than business, as was intended (when debtor had a business background and should have known better), was sufficient to show that the debtor's false representations were intentional. *See* Bissonnette, 398 B.R. at 194-96. However, the Sixth Circuit in Rembert found that a debtor lacked an intent not to repay where the debtor honestly (though unreasonably) believed she would win enough money by gambling to pay off her debts and made some payments towards those debts. *See* Rembert, 141 F.3d at 282-83.

There is a genuine dispute of material fact as to whether Debtor intentionally made false representations to Plaintiffs. Plaintiffs argue that Debtor knew she was violating her legal duties by encumbering the property with a mortgage and not disclosing that to Plaintiffs, so she must have intended to defraud them. (Pls.' Am. Mot. Summ J. 9, ECF No. 21.) Debtor argues that she never admitted to any intent and that there is no evidence that she did not intend to transfer ownership of the property to Plaintiffs. (Resp. Mot. Summ. J. 1-2, ECF No. 25.) Debtor admitted she made false representations by failing to disclose the encumbrances on the property. (Def.'s Admis. ¶ 39, ECF No. 21.) However, she never admitted to intentionally lying about the encumbrances and claimed that she was not aware that she would not be able to transfer the deed (which, as discussed earlier, would suggest she was not aware of the existence of the loans at the time she executed the Land Installment Contract). (Def.'s Admis. ¶ 57, ECF No. 21.) While there is evidence of a broken promise, there is no evidence of an intent to break a promise. Plaintiffs have failed to show that Debtor intended to conceal the encumbrances from them.

The court now must determine whether Plaintiffs relied on Debtor's representations. The Supreme Court has held that, for § 523(a)(2)(A) purposes, reliance must be "justifiable." *See* Field v. Mans, 516 U.S. 59, 74–75 (1995). Whether reliance is justifiable is a subjective, rather than objective, analysis and "is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases." *Id.* at 71. In making this analysis, a court should look at whether the plaintiff knew or should have known better than to rely on the debtor's assertions based on "the facts within his observation in the light of his individual case." *Id.* at 72 (citation omitted). Helpfully for this case, the Supreme Court gives, as an example of a justifiable reliance, a buyer of real property relying on the seller's representation that the real property is free of encumbrances. *See id.* at 70.

There is no doubt that Plaintiffs relied on Debtor's representation that the property was free from encumbrances. Plaintiffs admitted they had no prior real estate transaction experience and no familiarity with land contracts. (Pl.'s Aff. ¶¶ 9-11, ECF No. 21.) Therefore, they would be justified in relying on Debtor's representations because she had prior real estate experience. (Def.'s Admis. ¶ 50, ECF No. 21.) The Land Installment Contract agreed to "warrant said

5

premises free from all encumbrances" and Debtor was aware of this promise. (Def.'s Admis. ¶ 38, ECF No. 21.) Debtor failed to disclose to Plaintiffs that the property was encumbered by a mortgage and thus made the representation that the property was free from such encumbrances. (Def.'s Admis. ¶¶ 39, 40, ECF No. 21.) Plaintiffs admitted they relied on this representation and would not have executed the Land Installment Contract without it. (Pl.'s Aff. ¶¶ 17, 18, ECF No. 21.) All the evidence shows that the Plaintiffs justifiably relied on Debtor's false representation that the property was free from encumbrances and Debtor does not dispute such reliance. Thus, there is no genuine issue of material fact on this element and Plaintiffs have met their burden.

The final element of the court's analysis is whether Plaintiffs' loss was the proximate result of Debtor's misrepresentation. For a loss to be deemed "caused" by a misrepresentation, the loss must have been "within the foreseeable risk of harm that [the misrepresentation] creates." *See* Somogye, 2020 WL 1519315 at *18. Put differently, for reliance on a misrepresentation to have caused a loss, the loss must have been such that "might reasonably be expected to result from the reliance." *See id.*

Here, Plaintiffs' loss was the proximate result of Debtor's misrepresentation. Plaintiffs admit that they would not have paid for the property if not for Debtor's representation that it was free of encumbrances. (Pl.'s Aff. ¶ 18, ECF No. 21.) Thus, that misrepresentation caused the loss of that money. Plaintiffs won a state court judgment based on Debtor's fraud, including the misrepresentations, that required Debtor to pay Plaintiffs' costs from the transaction. (Pls.' Mot. Summ. J. Ex. A; Pls. Aff. ¶ 6, ECF No. 21.) Debtor does not dispute any of these accusations and stated in her response that only the "second and third [elements] are contested," conceding to Plaintiffs on this issue. Losing one's money and not getting the property promised is a foreseeable risk to a seller of real property misrepresenting whether the property is encumbered. Therefore, Plaintiffs have met their burden on this element and have established that no genuine dispute of material fact exists as to whether Debtor's misrepresentation caused their loss.

## **CONCLUSION**

Plaintiffs have established that Debtor made false representations, that they relied on these representations, and that their loss was caused by these representations. It follows then, that there remains no genuine issue of material fact on those elements and Plaintiffs are entitled to summary judgment on them. However, they have failed to show that Debtor knew her representations about the property's lack of encumbrances was false when she made them and that she intended to deceive Plaintiffs. Debtor never admitted to knowledge or intent and there is no clear evidence of any. Therefore, there is still a genuine issue of material fact on these two elements and Plaintiffs cannot be granted summary judgment on knowledge and intent. Accordingly, Plaintiffs' motion is granted in part and denied in part, and an order will be entered immediately.

#    #    #

**Service List**

Vernon V. Crooms
Rosina Crooms
1360 Woordland Ave. N.W.
Canton, OH 44703

Karlene Ann Pasco
9974 Market Ave N
Hartville, OH 44632

Ryan W. Maxwell
Wayne W. Sarna
Community Legal Aid Services, Inc.
401 Market Avenue N., Suite 103
Canton, OH 44702

Edwin H. Breyfogle
108 Third Street N.E.
Massillon, OH 44646